UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **Nintu Xi Gilmore-Bey and** ) <br> **Nyla Gilmore-Bey** *ex rel.* ) <br> **NYLA DAZHANE GILMORE ESTATE,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **KYLYNN COLEMAN et al.,** ) <br> ) <br> **Defendants.** ) | Case No. CIV-23-1157-G |

## ORDER

On December 18, 2023, Plaintiff Nyla Dazhane Gilmore Estate, by and through its authorized representatives Nintu Xi Gilmore-Bey and Nyla Gilmore-Bey, filed this civil action, identifying three defendants. *See* Compl. (Doc. No. 1). Upon review, the Court dismisses the Complaint.

As detailed below, Plaintiff's Complaint does not comply with Rule 8(a) of the Federal Rules of Civil Procedure, which states in relevant part:

> **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support[.]

Fed. R. Civ. P. 8(a)(1). As a result, the Complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007) (holding that Rule 41(b) "specifically authorizes a district court to dismiss an action for failing to comply with any aspect of the Federal Rules of Civil Procedure," including the "failure to satisfy Rule 8"). A district court may

"employ[] Rule 41(b) to dismiss a case without prejudice for failure to comply with Rule 8 . . . without attention to any particular procedures," *id.* at 1162, and need not wait on a motion to dismiss, *see Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003).

As this Court recently explained regarding an essentially identical pleading, raising the same claims against the same three Defendants:

> Federal courts have limited subject matter jurisdiction, and a basis of federal jurisdiction must be affirmatively pleaded. *See* Fed. R. Civ. P. 8(a)(1). The Complaint states that federal question jurisdiction exists under 28 U.S.C. § 1331 and the case arises under two federal laws. The cited statute, 41 U.S.C. § 6503, governs certain contracts made by agencies of the federal government, and the cited regulation, 29 C.F.R. § 453.12, governs bonding requirements of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 502. Neither law has any conceivable relation to the factual allegations on which Plaintiff bases its claim that Defendants—an individual and two limited liability companies—have breached a contract for Plaintiff's investment in a cannabis operation licensed by the Oklahoma Medical Marijuana Authority.

*Gilmore-Bey ex rel. L'Evation Birthing Circles Ministries v. Coleman*, No. CIV-23-1152-D, 2023 WL 8850761, at *1 (W.D. Okla. Dec. 21, 2023) (citation omitted).

Here, likewise, Plaintiff's allegations do not plausibly establish that the Court may properly exercise subject-matter jurisdiction over this action. *See* Compl. at 3 (citing 41 U.S.C. § 6503 and 29 C.F.R. § 453.12 as the basis for jurisdiction); *accord Steele-El ex rel. El v. Coleman*, No. CIV-23-1156-D, 2023 WL 8882326, at *1 (W.D. Okla. Dec. 22, 2023). Although courts construe pro se litigants' pleadings liberally, pro se parties must "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

Further, the Complaint reflects that Plaintiff Nyla Dazhane Gilmore Estate is an entity purporting to sue through two individual non-attorney representatives.  *See* Compl. at 1.  A legal entity may not bring suit in federal court without an attorney.  *L'Evation Birthing Circles Ministries*, 2023 WL 8850761, at *1 (citing *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006); *see also* LCvR 17.1 ("Parties who are not natural persons may not appear pro se.").  "The Complaint is defective because it is signed by [Nyla] Gilmore-Bey without an attorney; this defect could only be cured by engaging legal counsel to represent Plaintiff."  *L'Evation Birthing Circles Ministries*, 2023 WL 8850761, at *1.

## CONCLUSION

For the above reasons, Plaintiff's Complaint (Doc. No. 1) is DISMISSED without prejudice.  A separate judgment shall be entered.

IT IS SO ORDERED this 4th day of January, 2024.

*[signature]*
CHARLES B. GOODWIN
United States District Judge